**Ballard Spahr LLP**

Kaitlin Gurney
1735 Market Street, 51st Floor
Tel: 215.864.8585
Fax: 215.864.8989
gurneyk@ballardspahr.com

Sasha Dudding
1675 Broadway, 19th Floor
New York, NY 10019-5820
Tel: (646) 346.8094
duddings@ballardspahr.com

December 5, 2025

*Via ECF*

Robert J. Hantman
120 Avenue of the Americas, 4th Fl.
New York, NY 10036

Re:    <u>Remark Holdings, Inc., et al. v. POLITICO LLC, et al.</u>, No. 1:25-cv-08067-VM

Dear Mr. Hantman:

As you know, our firm represents Politico LLC and Joe Anuta ("Defendants") in the above-captioned action brought by Remark Holdings, Inc. and Kai-Shing Tao ("Plaintiffs"). Pursuant to Judge Marrero's Individual Rule II(B), we write to inform you of the grounds upon which your Complaint is subject to dismissal and ask you to withdraw these baseless claims.

Your three-count Complaint brings defamation claims based on two Politico articles ("the Articles"): (1) a September 30, 2024 article, *Lawmakers call for audit of Adams administration's tech contracts*, Compl. ¶ 38;[1] and (2) a February 12, 2025 article, *Law enforcement agency investigating AI firm's work with Eric Adams administration*, *id.* ¶ 47 & Ex. 2.[2] In addition, Plaintiffs claim tortious interference with prospective business opportunities. *Id.* ¶¶ 88-95. The crux of the Complaint is that the Articles "falsely described Remark as having 'ties to China' and 'shaky financials,' and linked Plaintiffs to government surveillance activities." *Id.* ¶ 6.

To plead defamation, Plaintiffs must plausibly allege that the challenged statements "were (1) of and concerning [them], (2) likely to be understood as defamatory by the ordinary person, (3) false, and (4) published with actual malice, that is, either knowledge of falsity or reckless disregard of the truth." *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 173 (2d Cir. 2001). "New York courts encourage the resolution of defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms." *Ganske v. Mensch*, 480 F. Supp. 3d 542, 551 (S.D.N.Y. 2020) (cleaned up). This case is subject to dismissal for the following reasons.

**The Challenged Statements Are Not "Of and Concerning" Tao.** The claims brought by Tao should be dismissed because he fails to show any of the challenged statements are "of and concerning" him. *See Gilman v. Spitzer*, 538 F. App'x 45, 47 (2d Cir. 2013). No statements at issue name Tao, and statements about a company do not give rise to a claim by its leaders. *See,*

---

[1] *See* https://www.politico.com/news/2024/09/30/lawmakers-audit-adams-tech-contracts-00181770. The Complaint erroneously attaches an unchallenged September 29, 2024 Politico article, and quotes it instead of the September 30 article. *See, e.g.*, ¶¶ 40, 42. Courts "need not reconcile this difference or accept the plaintiff's pleadings as true." *Bailey v. N.Y. L. Sch.*, 2017 WL 6611582, at *7 (S.D.N.Y. Dec. 27, 2017), *aff'd*, 2021 WL 5500078 (2d Cir. Nov. 24, 2021).

[2] *See* https://www.politico.com/news/2025/02/12/law-enforcement-agency-ai-eric-adams-00203960.

Robert J. Hantman
December 5, 2025
Page 2

*e.g.*, *1st Amend. Praetorian v. N.Y. Times*, 2025 WL 949575, at *13 (S.D.N.Y. Mar. 28, 2025) ("[A]lthough Plaintiff is mentioned in parts of the articles, that does not mean that all of the statements concern Plaintiff . . . ." (cleaned up)).

***The Challenged Statements Are Substantially True.*** Plaintiffs fail to meet their burden to "plead facts that, if proven, would establish that [Defendants'] statements were not substantially true," meaning they "would not have a different effect on the mind of the reader" than the "pleaded truth." *Tannerite Sports v. NBCUniversal News Grp.*, 864 F.3d 236, 242, 247 (2d Cir. 2017).

**First,** Remark's public filings show it *does* have "ties to China." Compl. ¶¶ 39, 48. Its January 2025 10-Q describes its work with an unnamed "China Business Partner" to "obtain[] business from some of the largest companies in China," "manufacture[] certain equipment to our specifications," and says "a member of our senior leadership team maintains a role in the senior management structure of the China Business Partner."[3] And, the report that "Remark has generated past concern for its work on surveillance projects in China," is based on a hyperlinked article by the publication Protocol. Compl. ¶¶ 40, 51 & Ex. 1. Protocol relied on Remark's own China-facing website about its KanKan AI facial recognition tool, and quoted an expert who opined that it appeared to be part of the Chinese government's video surveillance program.[4] It also quoted then-Sen. Marco Rubio criticizing Remark's work on Florida's Brightline train, citing security concerns about companies with Chinese ties developing U.S. infrastructure. *Id.* As Plaintiffs concede, Tao is a public figure, Compl. Ex. 3 at 4, and Politico may appropriately cite such public scrutiny. *See Edwards v. Nat'l Audubon Soc'y*, 556 F.2d 113, 120 (2d Cir. 1977).

**Second,** Remark's public filings show it *does* have "shaky financials." Compl. ¶¶ 39, 48. The 10-Q at page 2 reported a net loss of $9.6 million for the third quarter of 2024, compared to $7.2 million the prior year. Remark explained that "our decision to reduce staff in China . . . has made progress in completing projects slow." *See* 10-Q at n.6. That such losses may be "typical" does not negate that Remark has struggled financially. Compl. ¶ 54.

***The Challenged Statements Are Not Defamatory and the Implication Alleged is Unreasonable.*** It is not defamatory to state that a company merely has ties to China or has lost money. "Shaky financials" is a "protected statement of pure opinion, and hardly a bold one given the SEC's filing." *Kesner*, 515 F. Supp. 3d at 188; *see also Chau v. Lewis*, 771 F.3d 118, 129 (2d Cir. 2014). Perhaps for this very reason, Plaintiffs assert an unreasonable implication that the words of the challenged statements will not bear: they allege that the Articles imply that Remark "engaged in improper or illegal" "government surveillance activities." Compl. ¶¶ 1, 3. Dismissal is required because Plaintiffs fail to make the required "rigorous showing" that the Articles "impart a defamatory inference [and] affirmatively suggest that the author intended or endorsed that inference." *Kesner*, 515 F. Supp. 3d at 173 (cleaned up).

---

[3] *See* https://www.sec.gov/ix?doc=/Archives/edgar/data/1368365/000136836525000002/mark-20240930.htm#fact-identifier-740 at n.16. The Court may consider the SEC filing, as it is incorporated by reference and is a public record. *See Kesner v. Dow Jones & Co.*, 515 F. Supp. 3d 149, 159-60 nn.1-2 (S.D.N.Y. 2021).

[4] *See* https://web.archive.org/web/20240224220027/https://www.protocol.com/enterprise/remark-holdings-china-ai-infrastructure.

Robert J. Hantman
December 5, 2025
Page 3

***The Articles Are Protected by New York's Fair Report Privilege.*** The Articles are protected by New York's fair report privilege, which safeguards "a fair and true report of any . . . official proceeding." N.Y. Civ. Rights Law § 74. It applies when "reader[s] can determine from the publication itself that the publication is reporting on [the] proceeding." *Kinsey v. N.Y. Times*, 991 F.3d 171, 179 (2d Cir. 2021) (cleaned up). The Articles fairly and accurately reported on a City agency's investigation and lawmakers' letter requesting a Comptroller's Office audit, and thus are privileged. Compl. ¶¶ 38, 47, 49 & Ex. 2; *see Geiger v. Town of Greece*, 311 F. App'x 413, 417 (2d Cir. 2009); *Rosenberg v. MetLife*, 8 N.Y.3d 359, 361-68 (2007).

***Defendants Did Not Publish the Articles with Actual Malice.*** Because Plaintiffs challenge speech on issues of public interest, as public figure plaintiffs, they must—but have not and cannot—plausibly allege that Defendants published the statements with actual malice. *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 179 (S.D.N.Y. 2024) (defining the standard as "knowledge of . . . falsity" or "reckless disregard of whether [challenged statements are] false." Here, reporting on a global company, its CEO, and City government are of keen public interest, and Plaintiffs acknowledge their "technology has been recognized internationally" and "presented at high-profile industry conferences." *Cf.* Compl. ¶ 18. Alleging that Defendants "disregarded" Plaintiffs' denials or "fail[ed] to investigate," *id.* ¶¶ 2-3, 13, 63, does not establish actual malice, particularly as Defendants interviewed Tao, quoted his denials, reviewed public filings, cited other news articles' reporting, and spoke with officials and others, *id.* ¶¶ 39-43; *see, e.g.*, *Behar*, 238 F.3d at 174-75 (plaintiff could not show actual malice given reporter's "extensive research," including requests to interview plaintiff's representative). Nor is a "failure to retract" actual malice. *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 281 (S.D.N.Y. 2013); *cf.* Compl. ¶ 65.

In addition, Plaintiffs' tortious interference claim fails for the same reasons as the defamation claims. It is also independently deficient because it fails to plead the required elements, including that "failed to allege that the defendants had used 'wrongful means' or malice." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 397, 400 (2d Cir. 2006); *see* Compl. ¶¶ 88-95.

Politico will be entitled to recover its attorney's fees and costs under New York's strong anti-SLAPP statute, which *mandates* fee-shifting when, as here, an action involving an issue of public interest lacks "a substantial basis in fact and law." N.Y. Civ. Rights Law §§ 70-a(1)(a), 76-a(1)(a)(2); *see Bobulinski*, 2025 WL 872178, at *1; *Epoch Grp. v. Politico*, 2021 WL 5850036, at *4 (Sup. Ct. N.Y. Cnty. Dec. 9, 2021).

For the foregoing reasons, we ask that you promptly withdraw the Complaint.

Sincerely,

*/s/ Kaitlin M. Gurney*
Kaitlin M. Gurney (*pro hac vice*)
Sasha Dudding

cc: Hon. Victor Marrero via ECF