**Ballard Spahr LLP**

Kaitlin Gurney
1735 Market Street, 51st Floor
Tel: 215.864.8585
Fax: 215.864.8989
gurneyk@ballardspahr.com

Sasha Dudding
1675 Broadway, 19th Floor
New York, NY 10019-5820
Tel: (646) 346.8094
duddings@ballardspahr.com

December 23, 2025

The Hon. Victor Marrero
United States District Court
for the Southern District of New York
500 Pearl Street, Suite 1610
New York, NY 100076

*Via ECF*

Re:   *Remark Holdings, Inc., et al. v. POLITICO LLC, et al.*, No. 1:25-cv-08067-VM

Dear Judge Marrero,

Our firm represents Politico LLC and Joe Anuta ("Defendants") in the above-captioned action brought by Remark Holdings, Inc. and Kai-Shing Tao ("Plaintiffs"). On behalf of Defendants and in accord with Your Honor's Individual Practice Rule II(B), we respectfully request a conference to discuss an anticipated motion to dismiss.

On December 5, 2025, we sent Plaintiffs' counsel a pre-motion letter outlining Defendants' position regarding the Complaint's deficiencies. *See* Ex. A, ECF No. 14. Plaintiffs' counsel responded on December 18, 2025, stating that they would not withdraw or amend the Complaint and would oppose a motion to dismiss. *See* Ex. B, ECF No. 15. Accordingly, the parties' exchange of letters did not resolve their dispute over the appropriateness of the filing of a motion to dismiss.

Plaintiffs' three-count Complaint brings defamation claims based on two Politico articles ("the Articles"): (1) a September 30, 2024 article, *Lawmakers call for audit of Adams administration's tech contracts*, Compl. ¶ 38, ECF No. 1;[1] and (2) a February 12, 2025 article, *Law enforcement agency investigating AI firm's work with Eric Adams administration*, *id.* ¶ 47 & Ex. 2.[2] Plaintiffs also claim tortious interference with prospective business opportunities. *Id.* ¶¶ 88-95. The crux of the Complaint is that the Articles "falsely described Remark as having 'ties to China' and 'shaky financials,' and linked Plaintiffs to government surveillance activities." *Id.* ¶ 6.

As set forth in more detail in Defendants' pre-motion letter to Plaintiffs, the Complaint fails to state a claim for various independent reasons. *See* Ex. A.

---

[1] *See* https://www.politico.com/news/2024/09/30/lawmakers-audit-adams-tech-contracts-00181770. The Complaint erroneously attaches an unchallenged September 29, 2024 Politico article, and quotes it instead of the September 30 article. *See, e.g.*, Compl. ¶¶ 40, 42.

[2] *See* https://www.politico.com/news/2025/02/12/law-enforcement-agency-ai-eric-adams-00203960.

December 23, 2025
Page 2

- *First*, the claims brought by Tao should be dismissed because he fails to show any challenged statements are "of and concerning" him.

- *Second*, the challenged statements are substantially true. Remark's public filings show it *does* have "ties to China" and "shaky financials."

- *Third*, it is not defamatory to state that a company merely has ties to China or has lost money, and Plaintiffs fail to show the Articles' allegedly defamatory implication – that Remark "engaged in improper or illegal" "government surveillance activities," Compl. ¶¶ 1, 3 – is reasonable or was intended.

- *Fourth*, the Articles are protected by New York's fair report privilege, which safeguards "a fair and true report of any . . . official proceeding." N.Y. Civ. Rights Law § 74.

- *Fifth*, Plaintiffs fail to plausibly allege that Defendants published the Articles with actual malice, as they must under New York's anti-SLAPP statute.

- *Sixth*, and finally, Plaintiffs' tortious interference claim fails for the same reasons as the defamation claims and because Plaintiffs do not plead the required elements.

Politico will seek to recover its attorney's fees and costs under New York's strong anti-SLAPP statute, which mandates fee-shifting when, as here, an action involving an issue of public interest lacks "a substantial basis in fact and law." N.Y. Civ. Rights Law §§ 70-a(1)(a), 76-a(1)(a)(2).

For the foregoing reasons, we respectfully request that the Court hold a conference and set a briefing schedule for Defendants' motion to dismiss.

Sincerely,

*/s/ Kaitlin M. Gurney*
Kaitlin M. Gurney (*pro hac vice*)
Sasha Dudding